UNITED STATES of America, Plaintiff—Appellee,

v.

Julio Richard PRICE, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Nicholas John Rossi, Jr., aka Nick John Rossi, Jr., Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

George Franklin Baber, Defendant—Appellant.

No. 02–10466, 02–10468, 02–10473.

D.C. No. CR–01–01110–MHM, CR–01–01110–MHM–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 22, 2003.

---

Michael Thomas Morrissey, Esq., Michael Kemp, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jane L. McClellan, FPDAZ—Federal Public Defender's Office, Nancy L. Hinchcliffe, Esq., Philip A. Seplow, Esq., Law Office of Philip A. Seplow, Phoenix, AZ, for Defendants–Appellants.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendants–Appellants Julio Price, Nicholas Rossi, and George Baber appeal their convictions for carjacking, and aiding and abetting carjacking, in violation of 18 U.S.C. § 2119, and for use of, and aiding and abetting in the use of, a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291.

## I

■ The district court properly denied a motion for mistrial when the prosecutor referred to Rossi's consideration of a guilty plea. Rossi's statements likely were admissible under Fed.R.Evid. 410 and Fed.R.Crim.P. 11 because they were made during a conversation with his mother rather than during the course of plea negotiations. *See United States v. Castillo,* 615 F.2d 878, 885 (9th Cir.1980) (concluding that it was "not error" to admit the

defendant's statement to a prison counselor that "he would probably 'cop' to a charge of manslaughter"). Neither would the prosecution's simple reference to a specific deal made by the government appear to violate Fed.R.Evid. 410 or Fed.R.Crim.P. 11. Even if the statements were inadmissible or improper, the district court instructed the jury to disregard them and they were not mentioned again. While the judge's curative instructions may not have been perfectly clear, the quick abandonment of the line of questioning, combined with the testimony of two eyewitnesses, the physical evidence found in each of the defendants' homes, and the apparent flight of Rossi and Baber, lead us to conclude that any error would be "harmless beyond a reasonable doubt." *United States v. Alvarez–Farfan,* 338 F.3d 1043, 1046 (9th Cir.2003) (internal quotation omitted).

## II

■ The district court did not abuse its discretion in denying Price's and Baber's motions to sever their trials, which were based largely on the admission of Rossi's plea bargain testimony. Because the testimony, even if erroneously admitted, would not have materially affected the jury's verdict, joint trial was "not so manifestly prejudicial that it outweigh[ed] the dominant concern with judicial economy and compel[led] the exercise of a court's discretion to sever." *United States v. Doe,* 655 F.2d 920, 926 (9th Cir.1980) (internal quotation omitted). Price was free to cross-examine both Rossi and Baber, so his additional arguments for severance are insufficient to overcome the preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

### III

█ The district court did not err by declining to compel the U.S. Attorney to grant use immunity to Aaron Felix. Unlike *United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir.1991), and *United States v. Lord*, 711 F.2d 887, 891 (9th Cir.1983), the district court here conducted an evidentiary hearing into the possibility of prosecutorial misconduct. Those findings are reviewed for clear error. Fed. R.Civ.P. 52(a); *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), *overruled by United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc). We find no infirmity in the district court's conclusion that there was no "intention of distorting the fact-finding process." *Williams v. Woodford*, 306 F.3d 665, 697–98 (9th Cir.2002). Because there is no persuasive evidence that the government's separate prosecution of Felix was related to its prosecution of the defendants here, the district court did not clearly err in concluding that there was no evidence that the prosecution "intentionally caused [Felix] to invoke the Fifth Amendment right against self-incrimination." *Id.* And it is clear from the record that Felix's testimony would not "have directly contradicted that of" Sean White, the government's witness who received favorable treatment. *Id.*

### IV

█ The district court's decision to limit Danny Amaya's testimony was not an abuse of discretion. First, to the extent that Amaya's additional testimony served as impeachment by contradiction, its admission might have been allowed, but would not be required. *See generally United States v. Noti*, 731 F.2d 610, 612–13 (9th Cir.1984). Moreover, the record indicates that the excluded portion of Amaya's testimony lacked sufficient indicia of reliability such that the district court could exclude it on foundational grounds. And given that Rossi, Baber, and Amaya all testified that Ryan Gowler sold drugs and guns, the district court was well within its discretion to conclude that Amaya's additional testimony on the same subject was both cumulative and prejudicial, and therefore inadmissable under Fed.R.Evid. 404(b). Finally, assuming that the additional acts of Gowler's drug dealing were wrongly excluded, the district court nevertheless would not have abused its discretion, for we could not conclude that any such "error more likely than not affected the verdict." *United States v. Corona*, 34 F.3d 876, 882 (9th Cir.1994).

### V

█ The district court properly instructed the jury as to Rossi's and Baber's alleged flight. Whether flight may be considered as evidence of guilt "depends on all of the circumstances and is a jury question." *United States v. Tille*, 729 F.2d 615, 622 (9th Cir.1984). Because Rossi's and Baber's alleged flight occurred only four days after issuance of their arrest warrants, resolution was rightly left to the jury. And given the evidence adduced at trial, including the testimony of ATF Agent Tristan Moreland indicating that both Rossi and Baber knew they were wanted for carjacking, the totality of the circumstances required the jury to resolve whether their flight was evidence of their guilt. Finally, the form of the instructions was proper, satisfying the standards established in *United States v. Dixon*, 201 F.3d 1223, 1232–33 & n. 8 (9th Cir.2000).

## VI

■ The district court did not err in imposing a two-level sentence enhancement on Rossi and Baber under U.S.S.G. § 3C1.1 for obstruction of justice. As the Supreme Court has instructed, "[u]pon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." *United States v. Dunnigan*, 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Rossi's and Baber's testimony was fundamentally inconsistent with that of the victims. The defendants do not challenge the jury's verdict for sufficiency of the evidence, nor could they. Thus, the district court's corresponding factual conclusion that Rossi and Baber perjured themselves was "proper," *id.*, and not clearly erroneous.

AFFIRMED.